IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMBER VANLIER PHILLIPS,

      Plaintiff,

      v.

WESTINGHOUSE ELECTRIC COMPANY,

      Defendant.

2:25-CV-01081-CCW

### OPINION AND ORDER

Before the Court is Defendant Westinghouse Electric Company's Partial Motion to Dismiss Plaintiff Amber Vanlier Phillips' First Amended Complaint ("FAC"). ECF No. 12. For the reasons set forth below, the Court will grant Westinghouse's Motion.

### I. Background

This employment discrimination case arises out of Ms. Phillips' former employment with Westinghouse. The relevant factual allegations, taken as true, are as follows.

Ms. Phillips began working for Westinghouse as a service technician in 2006 and was later promoted to the position of coordinator. ECF No. 10 ¶¶ 10–11. In or around November 2022, Ms. Phillips overheard a management lead telling other employees "[d]on't ask [Ms. Phillips] for nothing, [she's] worthless." *Id*. ¶ 15. Ms. Phillips alleges that she reported the remark to Westinghouse's Human Resources Department, who took no action in response. *Id.* ¶ 16. Instead, Ms. Phillips alleges, Westinghouse subjected her to "a series of retaliatory actions[.]" *Id*. ¶ 17.

Ms. Phillips claims that Westinghouse initially responded to her complaint by reducing her scheduled hours from seventy-two to forty hours per week. *Id.* ¶ 18. Westinghouse then began to reassign key responsibilities away from Ms. Phillips and exclude her from meetings and certain email communications. *Id*. ¶¶ 19–20. Finally, on or about June 9, 2023, Westinghouse informed

Ms. Phillips via email that her coordinator assignment was complete and that it was therefore terminating her position. *Id*. ¶ 21. Ms. Phillips alleges that, instead of removing the coordinator position, Westinghouse replaced her as coordinator with a white male. *Id*. ¶ 24.

Ms. Phillips subsequently filed suit in this Court. The FAC asserts claims for: (1) retaliation under Title VII (Count I) and the PHRA (Count III); (2) race-based disparate treatment under Title VII (Count II), the PHRA (Count III) and 42 U.S.C. § 1981 (Count IV); and (3) hostile work environment under Title VII (Count II) and the PHRA (Count III). *Id*. ¶¶ 28–60.[1] On September 30, 2025, Westinghouse filed a partial Motion to Dismiss the FAC. ECF No. 12. In the Motion, Westinghouse moves to dismiss the retaliation and hostile work environment claims under Title VII and the PHRA. *Id.* ¶¶ 3–4. Westinghouse also seeks dismissal of the disparate treatment claims under Title VII and the PHRA to the extent such claims are based on Ms. Phillips' allegation that Westinghouse cut her hours in November 2022. *Id.* ¶ 5. Finally, Westinghouse moves to strike Ms. Phillips' request for delay damages. *Id.* ¶ 6. In her response, Ms. Phillips withdraws her request for delay damages. ECF No. 15 at 1. But Ms. Phillips otherwise opposes Westinghouse's Motion. The Motion is ripe for resolution. ECF Nos. 12–15.

## II.    Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions.

---

[1] The Court has jurisdiction over Ms. Phillips' Title VII and § 1981 claims, which raise federal questions, pursuant to 28 U.S.C. § 1331. The Court may exercise supplemental jurisdiction over Ms. Phillips' PHRA claims pursuant to 28 U.S.C. § 1367.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion: First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss.").

"To prevail on a Rule 12(b)(6) motion to dismiss based on an affirmative defense . . . a defendant must show that 'the defense is apparent on the face of the complaint and documents relied on in the complaint.'" *Lupian v. Joseph Cory Holdings LLC*, 905 F.3d 127, 130 (3d Cir.

2018) (quoting *Bohus v. Restaurant.com, Inc.*, 784 F.3d 918, 923 n.2 (3d Cir. 2015)).  However, "in the Third Circuit, it is well settled that a court may consider administrative documents, such as a plaintiff's EEOC charges, and public records without converting the motion to dismiss to a motion for summary judgment." *Wormack v. Shinseki*, No. 2:09-CV-916, 2010 WL 2650430, at *1 n.1 (W.D. Pa. July 1, 2010) (Fischer, J.).

### III.   Legal Analysis

Westinghouse moves to dismiss:  (1) Ms. Phillips' retaliation claims under Title VII (Count I) and the PHRA (Count III);  (2) Ms. Phillips' hostile work environment claims under Title VII (Count II) and the PHRA (Count III); and (3) Ms. Phillips' disparate treatment claims under both Title VII (Count II) and the PHRA (III) to the extent such claims are based on Westinghouse's alleged reduction of Ms. Phillips' hours in November 2022.  ECF No. 12 ¶¶ 3–5.  The Court will consider each of the three subsets of claims in turn.

#### A.   Ms. Phillips Fails to State a Claim for Retaliation under Title VII or the PHRA

Ms. Phillips asserts claims for retaliatory termination under Title VII (Count I) and the PHRA (Count III).  Because the Third Circuit has found that "[c]laims under the PHRA are interpreted coextensively with Title VII claims[,]" the Court will consider Ms. Phillips' Title VII and PHRA retaliation claims in tandem.  *Atkins v. Lafayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996)).  To state a claim for retaliation under either statute, a plaintiff must show that:  "(1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the participation in the protected activity and the adverse action." *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 257 (3d Cir. 2017).  Furthermore, "only complaints about . . . discrimination based on race, color, religion, sex, or national origin [] constitute protected activity" under Title

VII and the PHRA. *Qin v. Vertex, Inc.*, 100 F.4th 458, 476 (3d Cir. 2024). Here, Westinghouse argues the FAC fails to allege that Ms. Phillips engaged in a protected activity. ECF No. 12 ¶ 3. The Court agrees.

Ms. Phillips argues that the FAC alleges she engaged in two protected activities under Title VII and PHRA: (1) her efforts to improve racial diversity at Westinghouse, including by organizing a job recruitment fair that included many African American candidates, and (2) by reporting to Human Resources a colleague's comment that Ms. Phillips was "worthless." ECF No. 15 at 6. But neither of these activities is protected under Title VII or the PHRA. *See Trotter v. Nat'l Football League*, 737 F. Supp. 3d 172, 183 (S.D.N.Y. 2024) ("[C]omplaints about a lack of diversity in an organization, without any suggestion that lack of diversity is attributable to discriminatory conduct, are not protected activity, because an employer is not required to engage in affirmative action efforts."); *Barber v. CSX Distrib. Services*, 68 F.3d 694, 702 (3d Cir. 1995) (complaint to human resources that did not specifically complain about discrimination not a protected activity). Thus, because the FAC does not allege that Ms. Phillips engaged in a protected activity, it fails to state a claim for retaliation under Title VII (Count I) or the PHRA (Count III). Accordingly, the Court will dismiss the portions of Counts 1 and III comprising Ms. Phillips' retaliation claims, but will grant Mr. Phillips leave to amend those claims.

**B. Ms. Phillips Has Failed to Exhaust Administrative Remedies for her Hostile Work Environment Claims**

Ms. Phillips asserts hostile work environment claims under Title VII (Count II) and the PHRA (Count III). ECF No. 10 ¶¶ 39, 52. Westinghouse argues that Ms. Phillips has failed to exhaust administrative remedies because her EEOC charge did not allege a hostile work environment. ECF No. 12 ¶ 4. Westinghouse further argues the FAC fails to allege pervasive

discrimination and thus fails to state a claim for hostile work environment.  *Id.*[2]  Plaintiff argues that her EEOC charge set forth a hostile work environment claim, because it alleged she was "managed out of her job" and treated disparately from her white coworkers."  ECF No. 15 at 7.

The Court concludes that Ms. Phillips has failed to exhaust her administrative remedies with respect to her hostile work environment claims.  Before bringing suit under Title VII or the PHRA, a plaintiff must exhaust administrative remedies.  *See Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).  Further, a plaintiff may only assert claims in the lawsuit which "fall[] within the scope of [the] prior EEOC complaint[.]"  *Waiters v. Parsons*, 729 F.2d 233, 235 (3d Cir. 1984).  Here, Ms. Phillips' EEOC charge alleges only that she was "was treated disparately compared with white colleagues and white-male colleagues" and was terminated after complaining about discrimination.  ECF No. 13-1.  The charge does not allege that Westinghouse subjected Ms. Phillips to a hostile work environment.  Ms. Phillips has therefore failed to exhaust administrative remedies with respect to her hostile work environment claims under Title VII (Count II) and the PHRA (Count III).  *See Brazantv. Verizon Pa.*, 361 F. App'x 411, 414–15 (3d Cir. 2010) (hostile work environment claim outside the scope of EEOC charge where it "identified only an allegation of gender discrimination relating to [the plaintiff's] discharge").  Further, because the Court concludes Ms. Phillips has failed to exhaust administrative remedies with respect to her hostile work environment claims, it need not decide whether the FAC states a claim for a hostile work environment.

Because it is satisfied that amendment of the hostile work environment claims would be futile, the Court will dismiss such claims with prejudice.  *See Strickengloss v. State Correction*

---

[2] The elements of a claim for hostile work environment are:  "(1) the employee suffered intentional discrimination because of her [race];  (2) the discrimination was pervasive and regular;  (3) the discrimination detrimentally affected the plaintiff;  (4) the discrimination would detrimentally affect a reasonable person of the same race in that position;  and (5) the existence of respondeat superior liability."  *Kunin v. Sears Roebuck & Co.*, 175 F.3d 289, 293 (3d Cir.1999).

*Inst. at Mercer*, Civil No. 2:12-361, 2013 WL 1195035, at \*5 (W.D. Pa. Jan. 18, 2013) (Eddy, M.J.) ("Because Plaintiff cannot now correct his failure to have exhausted his administrative remedies, any amendment to his complaint would be futile.").

> **C.      Ms. Phillips Has Failed to Exhaust Administrative Remedies for Her Claims Premised on Her November 2022 Reduction of Hours**

Next, Westinghouse argues Ms. Phillips has failed to exhaust her administrative remedies with respect to her Title VII (Count II) and PHRA (Count III) claims premised on her alleged November 2022 reduction of hours.  ECF No. 12 ¶ 5.[3]  The Court agrees.

As noted, plaintiffs must exhaust administrative remedies.  *Burgh*, 251 F.3d at 470.  Such exhaustion must be "timely."  *Id.* at 467.  Under Title VII, plaintiffs in deferral states like Pennsylvania "must first file a complaint with the EEOC within 300 days of the alleged unlawful employment practice."  *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013) (citing 42 U.S.C. § 2000e–5(e)(1)).  "[U]nder the PHRA," by contrast, "an administrative complaint must first be filed with the PHRC within 180 days of the alleged act of discrimination."  *Id.* at 164 (citing 43 Pa. Stat. § 959(h)).

Ms. Phillips argues she timely exhausted administrative remedies with respect to the claims premised on her alleged November 2022 reduction of hours under the "continuing violation doctrine."  Under the continuing violation doctrine, the deadline to charge for alleged acts which are "part of a continuing practice" is calculated from the "last act evidencing the continuing practice[.]"  *Nelatury v. Pennsylvania State Univ.*, 633 F. Supp. 3d 716, 731 (W.D. Pa. 2022)

---

[3] In its Motion, Westinghouse asks for dismissal of Ms. Phillips' "Title VII/PHRA claims premised on her alleged November 2022 reduction in hours" contained at "Counts I–III." ECF No. 12 ¶ 5.  However, Count I is a Title VII retaliation claim which is not predicated on Ms. Phillips' alleged reduction in hours. *See* ECF No. 10 ¶¶ 28–35. The FAC asserts Title VII and PHRA claims predicated, in part, on the alleged reduction in hours at Counts II and III. *Id.* ¶¶ 41, 51.  The FAC also asserts a § 1981 claim predicated, in part, on the alleged November 2022 reduction in hours at Count IV. *Id.*  ¶ 59.  Westinghouse does not move to dismiss the § 1981 claim at Count IV. *See* ECF No. 12.

(Fisher, J.).  However, a "discrete" retaliatory or discriminatory act "may not be considered together" with other such acts "as part of a continuing violation." *Id.* at 732.  Furthermore, it is well-established that a "reduction in hours . . . is a discrete discriminatory act." *Carter v. Susquehanna Reg'l Police Dep't*, No. 8-cv-4764, 2009 WL 1183415, at *5 (E.D. Pa. Apr. 30, 2009); *see also Baird v. Outlook Pointe*, No. 4:07–cv–1580, 2008 WL 4287382, at *6 (M.D. Pa. Sept. 17, 2008) (reduction in hours is a discrete discriminatory act).  Ms. Phillips filed her EEOC charge on December 4, 2023, well-outside of the 300-day deadline applicable under Title VII and the 180-deadline applicable under the PHRA.  See ECF No. 13-1.  Accordingly, Ms. Phillips has failed to exhaust administrative remedies for her Title VII (Count II) and PHRA (Count III) claims premised on the alleged November 2022 reduction of hours.  Because the Court is satisfied that amendment would be futile, *see Strickengloss*, 2013 WL 1195035, at *5, the Court will dismiss these claims with prejudice.

## IV.    Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Westinghouse's Partial Motion to Dismiss, ECF No. 12, IS GRANTED as follows.

1. The Title VII retaliation claim at Count I is DISMISSED WITHOUT PREJUDICE.

2. The PHRA retaliation claim at Count III is DISMISSED WITHOUT PREJUDICE.

3. The Title VII hostile work environment claim at Count II and the PHRA hostile work environment claim at Count III are DISMISSED WITH PREJUDICE.

4. The Title VII disparate treatment claim at Count II premised on Ms. Phillips' alleged November 2022 reduction in hours and the PHRA disparate treatment claim at Count III are DISMISSED WITH PREJUDICE.[4]

---

[4] Thus, the Court fully dismisses without prejudice Count I.  Counts II and III survive to the extent they assert claims for disparate treatment not based on the alleged November 2022 reduction in hours and Count IV fully survives.

5.  Ms. Phillips shall file any amended complaint by April 27, 2026.  The amended complaint must not include any new claims and must be limited to:  (1) the retaliation claims brought under Title VII and the PHRA which the Court has dismissed without prejudice;  (2) the disparate treatment claims brought under Title VII and the PHRA to the extent such claims are not predicated on Ms. Phillips' alleged 2022 reduction in hours;  and (3) the disparate treatment claim brought under § 1981 (Count IV).

6.  If Ms. Phillips does not file an amended complaint by April 27, 2026, the dismissal of Ms. Phillips' retaliation claims under Title VII and the PHRA will be converted to a dismissal with prejudice without further action by the Court.

DATED this 13th day of April, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

9